# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL DURAN, | CASE NO. 1:12-cv-01606 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| J. TINETTI, et al., | (ECF No. 1) |
| Defendants. | |
| _____/ | |

## Screening Order

### I.    Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction  pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

1  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

2  exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.

3  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and

4  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

5  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

6  grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading

7  standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330

8  n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements

9  of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257

10  (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

11  ## II.    Plaintiff's Claims

12  Plaintiff, an inmate in the custody of the California Department of Corrections (CDCR) and

13  Rehabilitation at Avenal State Prison, brings this civil rights action against defendant correctional

14  officials employed by the CDCR at Avenal. Plaintiff names as defendants the following: J. Tinetti,

15  Program Manager; California Victim Compensation and Government Claims Board; CDCR.

16  Plaintiff's claim stems from an injury he suffered while housed at Avenal. Plaintiff's statement of

17  claim, in its entirety, follows:

18  On May 7th, 2012, at 0645 hrs Plaintiff was on his way to the
restroom in the "B" section of bldg E-530. As he got within 4 ft of
19  the ramp leading to the shower he slipped on a large water puddle that
was outside the ramp. The fall caused injuries to the left leg, left
20  knee, left knee cap and a 3 inch gash over left eye. See attached CDC
122B from C/O K. Donez date May 7, 2012. Also medical reports
21  from Coalinga Reg. Medical Center (ER) date 5/7/12.

22

23  ### A.    Eighth Amendment

24  The Eighth Amendment protects prisoners from inhumane methods of punishment and from

25  inhumane conditions of confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006).

26  Extreme deprivations are required to make out a conditions of confinement claim, and only those

27  deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form

28  the basis of an Eighth Amendment violation. <u>Hudson</u>, 503 U.S. at 9 (citations and quotations

omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  E.g., Farmer v. Brennan, 511 U.S. 825,847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).   To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence.  Neither negligence nor gross negligence will constitute deliberate indifference.  Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment.  Farmer, 511 U.S. at 839-40.

The allegations here indicate, at most, negligence.  There are no facts alleged indicating that any individual defendant knew of an objectively serious risk to Plaintiff, and disregarded that risk.  An allegation that Plaintiff suffered injury from a slip and fall is squarely within the parameters of a negligence claim.  As noted above, the constitutional standard is much higher.  Plaintiff has not alleged any facts that support a deliberate indifference claim.  The complaint must therefore be dismissed.

**B.    State Defendants**

Plaintiff names as defendants the California Department of Corrections and Rehabilitation and the California Victim Compensation and Government Claims Board.   "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state both by its own citizens, as well as by citizens of other states." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Puerto Rico Aqueduct Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).

1        The Eleventh Amendment bars suits against state agencies as well as those where the

2   state itself is named as a defendant.  See Natural Resources Defense Council v. California

3   Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor

4   v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a

5   state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community

6   College District, 861 F.2d 198, 201 (9th Cir. 1989).   California Department of Corrections and

7   Rehabilitation and the California Victim Compensation and Government Claims Board, as agencies

8   of the State of California, are therefore immune from suit.

9   **III.   Conclusion and Order**

10       The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

11  which relief may be granted under section 1983.   The Court will provide Plaintiff with the

12  opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

13  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not

14  change the nature of this suit by adding new, unrelated claims in his amended complaint.  George,

15  507 F.3d at 607 (no "buckshot" complaints).

16       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

17  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

18  Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be

19  [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.

20  Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

21       Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

22  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

23  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

24  pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

25  complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing

26  to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

27  1474.

28       Accordingly, based on the foregoing, it is HEREBY ORDERED that:

4

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.      The Clerk's Office shall send to Plaintiff a complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.      Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.      If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.


IT IS SO ORDERED.

**Dated:   December 20, 2012**                    **/s/ Gary S. Austin**
                                                                    **UNITED STATES MAGISTRATE JUDGE**