# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ISMAEL DURAN,

        Plaintiff,

   v.

J. TINETTI, et al.,

        Defendants.

CASE NO. 1:12-cv-01606 GSA PC

ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED

**I.**    **Screening Requirement**

     Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

This action proceeds on the January 9, 2013, first amended complaint, filed in response to an earlier order dismissing the original complaint and granting Plaintiff leave to file an amended complaint.

**II.     Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections (CDCR) and Rehabilitation at Avenal State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Avenal. Plaintiff names as defendants J. Tinetti, Program Manager at Avenal and the California Victim Compensation and Government Claims Board. Plaintiff's claim stems from an injury he suffered while housed at Avenal. In the original complaint, Plaintiff's statement of claim, in its entirety, followed:

> On May 7th, 2012, at 0645 hrs Plaintiff was on his way to the restroom in the "B" section of bldg E-530. As he got within 4 ft of the ramp leading to the shower he slipped on a large water puddle that was outside the ramp. The fall caused injuries to the left leg, left knee, left knee cap and a 3 inch gash over left eye. See attached CDC 122B from C/O K. Donez date May 7, 2012. Also medical reports from Coalinga Reg. Medical Center (ER) date 5/7/12.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson, 503 U.S. at 9 (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825,847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate

indifference. Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer, 511 U.S. at 839-40.

In order dismissing the original complaint, the Court noted that the allegations indicated, at most, negligence. There were no facts alleged indicating that any individual defendant knew of an objectively serious risk to Plaintiff, and disregarded that risk. An allegation that Plaintiff suffered injury from a slip and fall is squarely within the parameters of a negligence claim. As noted above, the constitutional standard is much higher. Plaintiff had not alleged any facts that support a deliberate indifference claim. The complaint was therefore be dismissed.

Plaintiff was also advised that Defendants California Department of Corrections and Rehabilitation and the California Victim Compensation and Government Claims Board were immune from suit as agencies of the State of California. Natural Resources Defense Council v. California Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996).

In the first amended complaint, Plaintiff restates generally the allegations of the original complaint. Plaintiff alleges that on May 7, 2012, while walking, he slipped in a large puddle of water, injuring himself. Plaintiff charges that ""The CDCR employee R. Donez was not doing her job duties, because there should have been signs of warning [caution wet floor] but no warning signs were on floor to warn plaintiff of the danger of slip and fall. The Prison Law Office also was aware of this danger." (Compl. ¶ IV.) Plaintiff refers the Court to a letter attached to his complaint. The June 13, 2912, letter is to Plaintiff from the Prison Law Office in San Quentin, California, and references a recent visit to Avenal by the Prison Law Office. The letter indicates that, regarding the issue of standing water near the shower, they "were told by staff that they would look into the issue, and may take action to prevent the water from building up there." The letter also indicates that the issue was raised during a recent visit under the Armstrong case.

**A.   Eighth Amendment**

The Court finds that Plaintiff has not cured the deficiencies identified in the order dismissing the original complaint. Plaintiff has not alleged facts indicating that a named defendant was aware

of an objectively serious risk to Plaintiff's safety, and acted with disregard to that risk. To demonstrate that a prison official was deliberately indifferent to a serious threat to an inmate's safety, the prisoner must show that "the official [knew] of and disregarded an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must draw the inference." Farmer, 511 U.S. at 837; see also Simmons v. Navajo County, 609 F.3d 1011, 1017 (9th Cir. 2010); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1187-88 (9th Cir. 2002); Jeffers v. Gomez, 267 F.3d 895, 913 (9th Cir. 2001)(per curiam); Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). That a puddle of standing water existed does not, of itself, subject the only named defendant in this action, Program Manager Tinetti, to liability for Plaintiff's injuries. There are no facts alleged indicating that Tinetti knew of the specific harm and acted with deliberate indifference to that harm.

### B. Violation of Consent Decree

Plaintiff also refers to the Armstrong case. Plaintiff may not pursue any claims for equitable relief for violation of the consent decrees in Coleman v. Davis, CV-S-90-0520 LKK JFM and Armstrong v. Wilson, No. 96-16870 (N.D. Cal.). Such claims must be pursued through the consent decree or class counsel. Frost v. Symington, 197 F.3d 348, 358-59 (9th Cir. 1999); Crayton v. Terhune, No. C 98-4386 CRB(PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002). Although plaintiff may be able to pursue damages claims under section 1983, Hiser v. Franklin, 94 F.3d 1287, 1291 (9th Cir. 1996), plaintiff's allegations that defendants violated the Coleman and Armstrong consent decrees do not, by themselves, give rise to damages claims under section 1983 for violation of the Eighth Amendment or the ADA. Rather, if plaintiff wishes to pursue damages claims, plaintiff must allege facts that support the claims that defendants violated his rights under the Eighth Amendment and/or the ADA. See Frost v. Symington, 197 F.3d 348, 353 (9th Cir. 1999) (district court characterized inmate's damages claim as one alleging violations of his First Amendment rights as opposed to alleging a breach of consent decree); Coleman v. Wilson, 912 F.Supp. 1282, 1294 (E.D. Cal. 1995) (resolution of issues in Gates v. Deukmejian, No. CIV S- 87-1636 LKK JFM, 1988 WL 92568 (E.D. Cal. 1988) governed by Gates consent decree while issues in instant case governed by standards applicable to claims brought under Eighth Amendment)). As noted, the conclusory

1 allegations set forth in plaintiff's first amended complaint do not support such claims.

**III.     Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  In the December 20, 2012, order the Court informed Plaintiff of the deficiencies in his complaint, and dismissed the complaint on the ground that Plaintiff had failed to state a claim upon which relief could be granted.  Because Plaintiff's first amended complaint does not cure those deficiencies, the Court dismisses the claims made in the first amended complaint with prejudice for failure to state a federal claim upon which the court could grant relief.  See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure to state a claim upon which relief can be granted.   The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:     **January 26, 2013**                    /s/ **Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE